### WM. SPRONK V. ADDYSTON PIPE & STEEL CO.

1. PLEADING—AMENDMENT TO CONFORM TO PROOF.

In an action by a foreman in the employ of a pipe and steel company for personal injuries resulting from the use of a core-carriage, the lugs of which were cracked and broken, the trial having proceeded without objection under a petition which was faulty in failing to aver want of knowledge of defects on the part of the plaintiff, or, having such knowledge, notice to the master, and it appearing that plaintiff had no such knowledge, the trial court should have permitted an amendment conforming the pleading to the proof.

2. PLEADING NEW MATTER IS AVOIDANCE—BURDEN OF PROOF.

Where in an action for personal injuries, the defendant pleads payment and discharge from liability, and plaintiff in his reply does not deny payment but pleads new matter in avoidance, denying the discharge yet afterward averring that "defendant wrongfully and fraudulently obtained said release," the burden of proof is on the plaintiff to sustain the allegation of new matter in avoidance; and upon his failure to offer evidence upon this issue defendant is entitled to a verdict.

ERROR to the Court of Common Pleas of Hamilton county.

GIFFEN, J.

This was an action to recover damages for a personal injury to the plaintiff who was employed by the defendant company as a coremaker— the alleged grounds of negligence consisting :

First. In permitting the use of a core carriage, the lugs of which were cracked and broken.

Second. The use of a core-bar which had become overloaded with iron and had thereby become dangerous.

Third. Failure to make proper inspection of its machinery and appliances.

After the plaintiff's testimony was all in and he rested his case, the court arrested the same from the jury and rendered judgment for the defendant.

The testimony tended to prove that the defendant was chargeable with negligence in the manner averred; and that while the plaintiff had knowledge of the overloaded condition of the core-bar and the want of proper inspection, he had no knowledge that one of the lugs, projecting from the sides of the core-carriage and carrying the core-bar, was cracked and broken.

The defect in the lug was the proximate cause of the injury, and the want of inspection showed only a neglect by the company to adopt one of their ordinary means whereby it might have acquired knowledge of such defect.

It is urged however that the plaintiff, being the foreman of the crew, had equal if not better opportunities than the defendant of knowing of the defect; but it does not appear that any one was instructed by the defendant to inspect the core-carriage, and the plaintiff himself testified in substance that he was not so instructed, and that even had he been so directed, his other duties were such that he would not have had nor could he have taken time to do it. The nature of the work in preparing the cores for the oven besmeared the core-carriage with grease and mud, thereby concealing from ordinary view any defect such as the one complained of, but which would have been revealed by thoroughly cleansing the core-carriage or testing it with a blow from a hammer. While the plaintiff had knowledge of the overloading of the core-bar by the overflow of iron accumulating therein during the process of moulding, still he was not required to judge nicely of its relative weight and the strength of the lug supporting it, and besides it was shown to be a common and to some extent an unavoidable occurrence.

"A servant has the right, and is expected to rely somewhat on the superior knowledge and skill of one placed in authority over him." Van Duzen Gas & Gasoline Engine Co. v. Schelies, 61 Ohio St., 304.

The petition is faulty in not containing an averment of want of knowledge of the defect in the core-carriage, or having such knowledge the plaintiff notified the master ; but the trial having proceeded without objection by the defendant, and it appearing that the plaintiff had no such knowledge the court might well have permitted him to amend by conforming the pleading to the proof. Section 5114, Revised Statutes.

But in the second defense of the answer the defendant pleads payment and a discharge from liability on the claim set out in the petition. The plaintiff in his reply does not deny payment, but avers new matter in avoidance. Although he denies the discharge in the precise language of the second defense of the answer, yet he afterwards avers that "defendant wrongfully and fraudulently obtained the said release alleged in its said answer."

The burden of proof was on the plaintiff to sustain the allegations of new matter in avoidance of the second defense. No evidence being offered upon this issue the defendant was entitled to a verdict.

Judges Smith and Swing concur in the affirmance of the judgment—not on the ground alone as above stated, but also because of failure of proof on the issue of negligence made in the petition.

*T. L. Michie* and *O. C. Trisler*, for plaintiff in error.

*Robertson & Buchwalter* and *R. C. Pugh*, for defendant in error.